# In the United States Court of Federal Claims

DIMITAR PETLECHKOV,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

No. 23-1789 L
(Filed: August 21, 2024)

### OPINION AND ORDER
### Dismissing for Lack of Subject-Matter Jurisdiction

Dimitar Petlechkov, a pro se litigant, owns three properties in Georgia. He was convicted in the Western District of Tennessee of twenty counts of mail fraud; the district court issued a monetary judgment and forfeiture order; and the government seized his three properties, totaling $980,000 in value, to satisfy the judgment.[1] After seventeen of the counts were reversed on appeal, Mr. Petlechkov owed the government approximately $367,000. Mr. Petlechkov filed a complaint in this court seeking damages from the government's seizure of the excess amount, or approximately $613,000, plus additional damages for his foregone rent.

The government moves to dismiss, arguing that 28 U.S.C. § 1355(a) vests exclusive jurisdiction over criminal forfeiture orders in district courts, that Mr. Petlechkov's complaint would require this court to improperly review the decisions of another court, and that to bring a takings claim, Mr. Petlechkov must first concede the legality of the government's actions. This court does not have jurisdiction to review the decisions of another court. The court therefore

---

[1] The court accepts as true the facts alleged in Mr. Petlechov's complaint for purposes of this decision. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

dismisses Mr. Petlechkov's complaint without prejudice. Mr. Petlechov may raise his arguments in his case in a court that does have jurisdiction, the Western District of Tennessee district court.

## I.    Background

In 2017, Mr. Petlechkov was indicted in the district court for the Western District of Tennessee on twenty counts of mail fraud. *United States v. Petlechkov*, No. 17-cr-20344, ECF No. 2, Indictment at 2-3 [¶7(A)-(D)] (W.D. Tenn. Nov. 14, 2017) (*Petlechkov I*). According to the indictment, Mr. Petlechkov fraudulently misrepresented to the Federal Express Corporation that he was affiliated with the National Steel and Shipbuilding Company to receive discounted shipping rates, and he sold those rates to third parties for his own profit. *Id*. A jury found Mr. Petlechkov guilty on all twenty counts of mail fraud. *Petlechkov I*, ECF No. 64, Jury Verdict at 1-11 [¶¶1(a)-20(b)] (W.D. Tenn. Apr. 5, 2018).

The district court issued an initial forfeiture order, including a $367,099.62 monetary judgment against Mr. Petlechkov. *Petlechkov I*, ECF No. 122, Preliminary Order of Forfeiture at 2 [¶1(a)] (W.D. Tenn. Aug. 9, 2018). The order listed three properties owned by Mr. Petlechkov as substitute assets that could be forfeited to satisfy the judgment amount. *Id.* at 2 [¶1(b)].

On appeal, the Sixth Circuit vacated seventeen counts of the conviction, affirmed three counts, and remanded to the district court for resentencing and recalculation of the judgment amount. *United States v. Petlechkov*, 922 F.3d 762, 771 (6th Cir. 2019) (*Petlechkov II*). On remand, the district court issued a final forfeiture order naming the same three properties as possible substitute assets to satisfy the $367,099.62 judgment against Mr. Petlechkov. *Petlechkov I*, ECF No. 427, Amended Final Order of Forfeiture at 3-5 [¶1] (W.D. Tenn. Sept. 1, 2023).

After another intervening appeal (*United States v. Petlechkov*, 72 F.4th 699 (6th Cir. 2023) (*Petlechkov III*)), Mr. Petlechkov again appealed, arguing that the district court's final forfeiture

order did not allow the government to seize property with a value totaling more than the judgment against him. *United States v. Petlechkov,* No. 23-5803, ECF No. 29, Appellant's Brief at 6-9 (6th Cir. Dec. 15, 2023) (*Petlechkov IV*). The Sixth Circuit affirmed the final forfeiture order but clarified that the government was not entitled to an immediate interest in the properties following the entry of the order. *Petlechkov IV*, ECF No. 40-1, Order at 7-8 (6th Cir. June 21, 2024).

The Sixth Circuit reasoned that the final forfeiture order served only to "identify the existence of real properties that, with appropriate proceedings and showing by the government, could be forfeited to satisfy the money judgment." *Petlechkov IV*, ECF No. 40-1, Order at 7. According to the court of appeals, the properties have not yet been forfeited; the government must move to amend the final forfeiture order in the district court to receive the properties. *Id.* The court of appeals also explained that the only property subject to forfeiture was property whose value totaled the same or less than the amount Mr. Petlechkov owes. *Id*. The court of appeals further stated that Mr. Petlechkov may bring his claim, that the government collected more than $50,000 in rent on the properties, before the district court for the Western District of Tennessee. *Id.* at 8.

Currently pending before the district court are motions from Mr. Petlechkov asking the court to order the government to return his property and rental income (*Petlechkov I*, ECF No. 458, Order on Various Motions at 20 (W.D. Tenn. Apr. 24, 2024) (deferring ruling on some motions); *Petlechkov I*, ECF No. 439, Motion for Return of Property Pursuant to Federal Criminal Procedure Rule 41(g) (W.D. Tenn. Nov. 7, 2023)) and a motion from the government to enjoin Mr. Petlechkov from taking any action outside that case to take back the property, to evict the current tenants, or to do anything else related to the property (*Petlechkov I*, ECF No. 484, Motion for Protective Order at 5 (W.D. Tenn. July 14, 2024)).

Meanwhile, in October 2023, Mr. Petlechkov filed a complaint in this court, alleging a Fifth Amendment taking or an illegal exaction based on the government's seizure of properties with a greater total value than the judgment against him. ECF No. 1 at 1-2 [¶¶1, 7]. Mr. Petlechkov argues that the three properties the government seized are valued at $400,000, $295,000, and $285,000, for a total of $980,000, and that the government also deprived him of $50,000 of rental income from the seized property, while the judgment only totals about $367,000. ECF No. 1 at 2 [¶¶7, 11].

## II.    Discussion

The government moves to dismiss Mr. Petlechkov's complaint for lack of subject-matter jurisdiction. ECF No. 12; *see* Rules of the Court of Federal Claims (RCFC), Rule 12(b)(1). It argues that, under 28 U.S.C. § 1355(a), challenges to a forfeiture are assigned exclusively to district courts. ECF No. 12 at 5-7. The government also argues that the question of whether the government is properly in possession of the disputed properties is already being litigated in the district court and Sixth Circuit, and this court cannot review the actions of another tribunal. *Id.* at 7. And it argues that to bring a takings claim, Mr. Petlechkov must first concede the legality of the government's actions in taking the properties. *Id.* at 8-9.

Mr. Petlechkov responds that 28 U.S.C. § 1355(a) applies to bar a suit only when the government (not a private party like himself) sues for recovery or to enforce a civil (not criminal) forfeiture, so this court has subject-matter jurisdiction over his complaint. ECF No. 13 at 4. He adds that section 1355 has never been held to grant exclusive jurisdiction to the district courts, but instead it has "removed certain cases from being held in state courts." *Id.* at 8. He further responds that his suit is not asking this court to review the district court's and Sixth Circuit's actions because the Sixth Circuit has already decided "what the government can and cannot keep," and he is only

seeking to enforce that decision. *Id.* at 10-11. And he responds that he has never argued that the government's actions were unauthorized by law; he has only argued that he is entitled to damages for the government's seizing his properties. *Id.* at 13.

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *See* 28 U.S.C. § 1491(a)(1); *see also Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides the court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). This court's jurisdiction under the Tucker Act can be displaced "when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *United States v. Bormes*, 568 U.S. 6, 12 (2012).

On a motion to dismiss for lack of jurisdiction under rule 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration*, 659 F.3d at 1163. If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(b)(1), (h)(3); *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

This court holds the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (explaining that pro

se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). However, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523, 2020 WL 114521 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

      **a.    This court cannot review the actions of another court**

"[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts." *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (marks omitted). In *Allustiarte*, the plaintiffs alleged that court-appointed bankruptcy trustees sold assets for less than they were worth, constituting a taking. *Allustiarte*, 256 F.3d at 1350-51. The Court of Federal Claims dismissed the case, holding that it did not have jurisdiction to review official decisions issued during the normal course of bankruptcy proceedings. *Id.* at 1351. The Federal Circuit affirmed the dismissal, reasoning that the Court of Federal Claims would have to review the actions of the bankruptcy court to determine whether the plaintiffs suffered a taking of their property. *Id.* at 1351. "Such a determination would require the court to scrutinize the actions of the bankruptcy trustees and courts," which the Court of Federal Claims cannot do. *Id.* at 1351-52.

The same logic applies here. Reviewing the determinations of the district court and the Sixth Circuit would "permit collateral attacks" on the judgments of those courts. *Allustiarte*, 256 F.3d at 1352 (marks omitted). The district court entered a forfeiture order, listing three properties and stating that "the United States shall have clear title to the subject property and shall dispose of the property according to law," explaining that the district court "retains jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this order." *Petlechkov I*, ECF No. 427, Amended Final Order of Forfeiture at 3-5 [¶1]. Most recently the Sixth

Circuit concluded that the final forfeiture order did not forfeit anything beyond the $367,099.62 money judgment and that the forfeiture order could not "vest any sort of right, title, or interest in the real properties in the government." *Petlechkov IV*, ECF No. 40-1, Order at 6. Mr. Petlechkov has since asked the district court to return his property plus lost rent. *Petlechkov I*, ECF No. 458, Order on Various Motions at 20; *Petlechkov I*, ECF No. 439, Motion for Return of Property Pursuant to Federal Criminal Procedure Rule 41(g). The review that Mr. Petlechkov seeks is the same relief he seeks from the district court and, more importantly, would require this court to revisit the district court's and Sixth Circuit's determinations of rights in the property. This court cannot do that.

  **b.**  **This court may also lack jurisdiction under 28 U.S.C. § 1355(a)**

  The court may further lack jurisdiction under 28 U.S.C. § 1355(a). Section 1355(a) states that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise." 28 U.S.C. § 1355(a). The text of the statute does not make clear the role of this court in the scheme. The statute explicitly excludes state courts, not the Court of Federal Claims. When a statute expresses one thing, it often implies the exclusion of others. *See Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc) (applying the canon of *expressio unius est exclusio alterius* to conclude that, in listing two statutory exceptions, Congress did not intend to allow other exceptions). Here, Congress's choice to specify that the state courts do not have jurisdiction might imply that other federal trial courts like this one do have jurisdiction. Mr. Petlechkov also raises other questions about the statutory text. He argues that the text implies that the actions covered by the statute are actions that can only be taken by the government—such as seeking enforcement of a forfeiture—not actions by a private party who has been the subject of a

forfeiture. And he argues that the text of section 1355(a) applies only to civil—not criminal—forfeiture proceedings. ECF No. 13 at 4.

The Federal Circuit and this court have generally been reluctant to treat criminal asset forfeitures as illegal exactions or Fifth Amendment takings that this court can review. *See Crocker v. United States*, 125 F.3d 1475, 1477 (Fed. Cir. 1997) (noting that Congress "unambiguously allocated" judicial review of a criminal asset forfeiture to the district court and citing section 1355(a)); *Vereda, Ltd. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (holding that the district court, not the Court of Federal Claims, had jurisdiction over a seizure and forfeiture of property under the Controlled Substances Act, despite the plaintiff having characterized his complaint as a Fifth Amendment taking); *Elliott v. United States*, 96 Fed. Cl. 666, 671 (2011) (holding that section 1355(a) "dictates that plaintiff's challenge to the Government's ability to recover the debt the plaintiff owes properly should be brought before a federal district court."). Because this court otherwise lacks subject-matter jurisdiction, it need not decide this statutory construction issue. It also need not decide the issue that the government raises about whether Mr. Petlechkov must concede or has conceded the legality of the government's actions.

### c.      Dismissal, not transfer, is the appropriate result here

Neither Mr. Petlechkov nor the government seeks transfer of this case to another court in the event that this court lacks jurisdiction. Nevertheless, the court considered whether transfer might be in the interest of justice in lieu of dismissal. The court concludes that transfer is both inappropriate and unnecessary in this case.

"Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court … in which the action or appeal could have been brought at the time it was filed

or noticed." 28 U.S.C. § 1631. A decision to transfer a case is proper only if the receiving court has subject-matter jurisdiction. *Jan's Helicopter Service, Inc. v. Federal Aviation Administration*, 525 F.3d 1299, 1303-04 (Fed. Cir. 2008). Transfer is in the interest of justice when the claims are "nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987).

The Court of Federal Claims does not have jurisdiction over this case, and Mr. Petlechkov's complaint presents nonfrivolous claims regarding whether his properties were improperly seized by the government. The appropriate court to hear Mr. Petlechkov's claims is the district court in which the forfeiture order was entered. *See, e.g.*, *Fischer v. United States*, 96 Fed. Cl. 70, 78 (2011). But the district court does not have jurisdiction over takings claims for more than $10,000, as he alleges in this case. *Kanemoto*, 41 F.3d at 644. On the other hand, the district court does have jurisdiction to hear Mr. Petlechkov's request for damages as a result of an alleged due process violation (*Petlechkov III*, 72 F.4th at 710 (explaining that the district court should allow Mr. Petlechkov to refile his civil suit for damages in district court, under the Federal Rules of Civil Procedure)) and his request for return of the excess properties (*Petlechkov IV*, ECF No. 40-1, Order at 8).

Because Mr. Petlechkov already has cases pending in the Western District of Tennessee and has already been assured by the Sixth Circuit of the opportunity to file a civil suit for damages there, he can raise any arguments in the district court in support of the relief he seeks, which is the same relief he seeks here: return of the excess property, payment for the property, payment for the income he has lost from the government's seizure of the property, or a combination of those. As the Sixth Circuit explained in the most recent appeal, the district court's current forfeiture order "does not provide any legal basis for the government to assert a possessory or property interest in

the real properties, to sell the properties, or otherwise to restrain the properties." *Petlechkov IV*, ECF No. 40-1, Order at 8. And to the extent that Mr. Petlechkov alleges "that the government's conduct is inconsistent with the district court's order as [the Sixth Circuit has] interpreted it, he may file an appropriate motion in the district court, which … retained jurisdiction." *Id.* (marks omitted). Such a motion could address the value of the properties and the alleged $50,000 in foregone rent. *Id.* ("If the government has collected rent to which it is not entitled, we trust the district court will take appropriate steps."). Thus, Mr. Petlechkov can raise his arguments in the district court for the Western District of Tennessee and seek damages for the full extent of the harm to him, even though the district court cannot hear the precise takings claims he raises here.

## III.     Conclusion

This court agrees with the government that it does not have subject-matter jurisdiction over this case and therefore **grants** the government's motion to dismiss the case (ECF No. 12). The case is **dismissed without prejudice**. *See Wheeler v. United States*, 11 F.3d 156, 159-60 (Fed. Cir. 1993). The Clerk of the court is directed to enter judgment.

**IT IS SO ORDERED.**


 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge